Good morning, James Fox from Mr. Mathis. I'd like to reserve five minutes for rebuttal if the court pleases. That's granted. Thank you, Your Honor. Mr. Mathis appeals his unsuccessful 2255 petition in the Eastern District of Pennsylvania. This court certified one issue with the issue being whether the petition was properly denied in its time bar. This morning, Mr. Mathis submits that he took reasonable steps to comply with the tactical requirements of the 2255 rules. And that the District Court herein would have dismissed his 2255 petition. Counselor, do we know when in April of 2002 he refiled? In other words, the court added an order in May saying refile in 30 days. I believe in March we filed in 30 days, Your Honor. I mean in March, refile in 30 days. The District Court vacated the dismissal motion March 20, 2002 and docketed it in April 22, 2002, the next petition. The interesting matter about that is the petition was dated April 15. Yeah, and he was in prison? He is in prison still. In custody, so presumably the mailbox rule would have applied and we don't know whether that was timely within that 30-day period, do we? Yes, I submit to the court that the court should consider the April 15 disoperative filing deadline. In that case, it will be timely. But even if the court declines to consider that, I submit that filing on the 22nd is still reasonable. He took reasonable steps to comply even if he's just marginally beyond 30 days. What should be the measuring point here for determining the reasonableness of his steps to cure the deficiencies in this motion? Well, there's two cases I'd like to point the court to. Unfortunately, they're both unpublished decisions. Were they cited in your brief? The Harris one was cited in my brief. The second one was the case that Your Honor issued a month ago, U.S. v. Moon. Yes. And Harris v. Vaughn was cited in the brief. And basically what Harris dictates is that reasonableness varies from case to case. The court should introduce it for each case. In Harris, it was about 15 months before he got the filing fee paid? Yes, Your Honor. And that was unreasonable? That's why I asked the question about when do you begin the point in time when you start looking at the reasonableness of his steps. Is it back in June or July when his initial 2255 is rejected, or is it later? Well, I think that you're actually bringing up a good point, Your Honor, that the 2255 wasn't rejected until January 2002. What I would submit to the court is the court should consider reasonableness in the context of all the district court's actions, meaning that the first 2255 petition was filed in June 28, 2001, within one year, 10 days of the criminal judgment entering. The government conceded in their brief that the first 2255 was timely. Beyond that, what I'd ask this court to consider is to look at all the district court orders that followed, that the first 2255 was not dismissed until January 25, 2002. That dismissal was subsequently vacated on March 20, 2002. That's a strange order, vacated the dismissal order, instructing him to refile, as if everything is fine as of that point. And that's the point I'd like to make to the court, is that the court should consider some type of law of the case analysis here, and look at the district court's conduct throughout. One concern that Mr. Mathis had when I was appointed to represent him was that— Counselor, could you speak a little more slowly? Oh, certainly, Your Honor. One concern that Mr. Mathis had was, why did the court reject his petition as untimely, his first petition, when during the course of his 2255, the court accepted three petitions? The court afforded him more and more time to refile. In the district court's decision, the district court found that all three petitions were untimely. That now is faced here as plain error, because the first petition, as the government agreed, was timely filed. That alone would afford this court the opportunity to vacate the dismissal and revamp back to the district court to determine whether the second or the third petition were timely. Is it clear that the district court found everything untimely? Yes, I— This is the June 2005 order? Yes, Your Honor, that is at page— It's on the third page of the district court's decision, and I apologize, Your Honor, my notes are quite scrambled in front of me right here. In the district court decision, the court restated the factual background of the case, and the court said that all three of the 2255 filings were untimely. And again, what I submit to this court is that that is the error on its face right there. All subsequent filings were untimely, okay. All three of them, even the first one. And the first one was timely, and it was within the year of 10 days permitted by 2255, plus the 10-day filing period for notice of appeal. I would ask this court to look at everything that happened in the district court case. Mr. Mathis took an appeal of the mandamus motion that he filed. He took that from April to November of 2001. How do we reason this, though? This isn't equitable tolling. It doesn't quite—does it fit into the relation back of amendments concept? How do we analyze this from a jurisprudential standpoint if we were to provide relief? Well, equitable tolling is a more difficult argument to make than the argument under Rule 2 and Rule 3. The reason I raised the equitable tolling argument was in case this court declined to proceed under Habeas rules, I want to have the equitable tolling argument available. I say to this court that Paris v. Vaughan really dictates how this court should review the case. That this court should apply a reasonableness standard as to whether or not Mr. Mathis acted reasonably. This court should look to the individual factors of this case. Why did it—I'm sorry, Judge. Don't we have to look at whether there was substantial compliance with the rule? Yes, Rule 2 directs the petitioner to substantially comply with the forms and procedures. So then articulate for us what it is that constitutes substantial compliance in which your client did. Well, I'd say that on this case the third petition is fully complied. Working backwards from the third petition, the second petition, I would say substantially complied. And I would base it on the Moon decision that issued April 10th of 2007 from this court, where essentially what happened was the petitioner wrote C attached, C attached, C attached, and referenced an attached memorandum to his petition. And this court found that referencing an attached memo is substantial compliance. So I'd argue to this court that, first of all, the third petition does comply. The second petition, the one filed in April 22nd, 2002, substantially complies. The argument in the first one is much more difficult because the first one was in fact a brief. The petitioner did not use the forms. And my argument in the first one would be that in looking at the law of the case, looking at how the district court proceeded, Mr. Mapp has acted reasonably for someone in his situation. He is incarcerated. He's acting without counsel at the district court level. He is a man who was shot several times prior to his incarceration. I suspect he suffers from the subsequent effects of that. And when the court looks at the totality of his findings, his findings rather, he appears to be proceeding, he's not formally trained in the law. He filed that mandamus motion. He sought to appeal that without a final judgment. He was up before this court from April 2001 to November 2001. So you'd say that given his status, there was still substantial compliance on the first and final note? My argument in the first one would be that the district court had to give Mr. Mathis a reasonable, had to act reasonably permitting him to comply with the 2255 requirements. And is that based on Rules 2 and 3 of the 2004 amendment, or as amended in 2004? Yes, Your Honor. And with the Harris case tied in for this court's authorities, it's hard to interpret that. Rule 2 requires substantial compliance. Rule 3 directs the district court to give the petitioner a reasonable amount of time. Now, these were all filed before the 2004 amendments. How did the 2004 amendments apply here? The decision issued post-2004, so my argument to the court would be that it was at the time of the decision that the amended 2255 rules were the operative rules to apply procedurally to this case. So they would have retroactive application? I guess... They would have to, if they were applying to... They didn't penalize the petitioner. They didn't operate to penalize the petitioner in any way. If anything, the affordance of additional rights. So I don't think we have the ex post facto issue that the petitioner was sanctioned by the amendments to the rules. There had been recognized in the case law before the 2004 amendments a reasonableness standard or a reasonable opportunity to cure type of standard in cases that preceded... So did the rules go further or did the rules simply codify what the case law recognized? The governor made the argument that the rules codified the case law. My review of the rules is that they codified the part where the district court has to accept the filing. The reasonableness appears to still be a matter of case law. I actually strike that the Rule 3 does direct it... Rule 3 does require the court to accept a noncompliant petition and give the movement an opportunity to comply. The term reasonableness is not in Rule 3. I point to Harris or the spot... This court set it to spot for insurance on the certificate. Again, it's just to address Judge Jordan's question. I really want this court to look at the... go right down the docket sheet effectively from June 2001 to the habeas order issued from the 2255 order issued from the district court. Mr. Mathis was sentenced on June 27, 2000. June 28, 2001, the first petition is filed in the district court. That petition is dismissed January 25, 2002. Dismissal vacated March 20, 2002. As Your Honor mentioned, the 30-day order issued. That's a little more of a close call as to whether or not Mr. Mathis complied with that. It appears that his second 2255 was dated April 15. I submit to this court that that was a timely compliance under the mailbox rule. That one was dismissed April 29, 2002. Mr. Mathis responded with the third petition on May 17, 2002. Again, if this court views the entire docket, he was up at the Court of Appeals, albeit on a flawed appeal, he didn't have a final judgment. I see my court's expired. Your time has expired. Let me ask you a question. Is there a standard of review here, abuse of discretion? I believe the standard of review is abuse of discretion for the legal questions and plain error for the facts. All right, we'll hear from you on rebuttal in a second. Thank you, Your Honor. Okay, thank you. Good morning. My name is Nancy B. Winter and I represent the United States in this matter. The district court in this case was, in fact, eminently reasonable in how he dealt with this pro se petitioner. How do we deal with the argument by the appellant in this matter that when you read the district court's opinion, he said that all filings after 2000 were untimely? And there he reopened the case for all purposes in 2002 after having thrown it out. Candidly, the district court erred in his opinion that dismissed the May petition. When you look back at the history of the case and you read the court's opinion in April 29th that dismissed the April petition, it is very clear why the district court dismissed that petition. Not because it was untimely, but because it did not conform with the rules and the instructions provided to the defendant. In that order, he indicates the defendant did not comply by submitting an addendum with attachments to it. So his July order, or I should say his April 29 order, makes it very clear that he dismissed it. I'm not quite sure why in his dismissal of the untimely May petition the court indicated he dismissed it or insinuated he dismissed it for untimely reasons. Is there a legal consequence to that error? Or is that something we just say, oh, I guess we see what he meant? Well, this court reviews factual findings by the court for clear error and to the extent that that's a fact, the court got wrong in his decision on the May petition, the consequence is that you know he was wrong and the record clearly states something to the contrary. But that memorandum dismisses a May petition, which under everybody's analysis is clearly untimely. That's the third petition that's been filed in a series of petitions. And that's why understanding the procedural history of this case, which is lengthy and fairly complicated, is truly important to understand both the court's reasonableness as well as the defendant's failure to do that which he should have done and to follow the rules. This case is not like the Moon case. Why? This case is not a case of a diligent defendant who in timely fashion files the necessary forms, substantially complies, and still within that time frame reaches out to the district court by letter and asks, do you need it again, have I complied? And there is, although the court did not rule on that basis. No, it did not rule on that at all. We didn't try to put any kind of estoppel or misleading or anything like that. No. Where has he been dilatory here? Looks like he really, considering he's in prison, complied pretty quickly, considering how long it takes people in prison to get their mail in and out these days. Where was he dilatory? Well, in this case, you have literally on the eve of the one-year deadline. He's had an entire year to file his motion. But he's within it. Certainly. There's nothing wrong with filing at the end of the statute as long as you're within it. Absolutely. But it doesn't comply in any way, shape, or form with what it should have done. And it's important to be aware that this defendant well knew the rules of 2255. He had correspondence back and forth with the court just a month after his sentencing where the court at that time informed him of the importance of the 2255 motion, the need for completeness. And the defendant even acknowledges that in his improper first pleading. But having said that, it's timely. But isn't this an issue of substantial compliance? And isn't this a situation where if the amendments don't apply as such, still they put forth the sense that we should not throw people out because of form versus substance. And that's exactly what the district court did in this case. Even though his pleading, which was, as you said, just under the deadline, so appropriate timeliness, even though it wasn't what was proper, this court docketed it, interpreted it as an attempt at a 2255, and notified the defendant by sending him the forms and giving him a reasonable time within which to comply. The defendant did nothing. Well, if it ended there, the argument might be a little bit more understandable. But the problem is the district court vacated it. I mean, nobody seems to contest the authority of the district court to dismiss a noncompliant petition after giving an opportunity to cure. Opportunity was given and it was dismissed. But then the trial court vacated the dismissal. And that's what becomes problematic here, does it not? Actually, I disagree. I believe it's further evidence of the court's attempt to be reasonable. Recognizing a pro se litigant receiving a request in February to reconsider this, the court said, okay, he didn't understand. Let's try again. So he takes a petitioner who's laid back on his rights, not responded within six months, vacates the order dismissing, and gives him yet a third opportunity now, a third advice about the importance of the 2255s, send the forms again, fill the forms out. But wait a minute. He, Mathis, refiled and complied with the forms May 17, 2002. Correct. The district court reopened the case for all purposes on June 5, 2002. Isn't that the signal that all is well? And then three years later, what prompted the district court three years later to say, oops, time barred. I mean, how can we permit the district court to have reopened for all purposes after he did comply? Unless you dispute that in May he didn't comply. He reopened in June 2002. And then all of a sudden out of the blue, in 2005, the court says, you know, he never really was timely. Isn't the court kind of disagreeing with itself without any cause? Well, I'm not certain I interpret the reopening for all matters as this court does. It's receiving the petition and the court will render a decision on it. As to why the delay, I can't surmise, except to say that this court had already given the defendant one chance, two chance. And he had already dismissed the April petition. Excuse me, I'm sorry. Why would the April 22 petition not be substantial compliance under the Moon decision? The Moon decision was very unique to its facts, but was based on a defendant who was very diligent, who had a very clear and concise addendum to his pleading. That is simply not the case here. The addendum the defendant purported to attach to his 2255 after being twice advised of the importance of following the forms was a, I characterize it as a fairly rambling 21-page brief with attachments that if the court looks at it, is really just the first pleading reconfigured. I actually spent last night going page by page and mapping it out. And the pleading that's attached to the 2255 in April is the same thing that he filed the first time around and was told by the district court that's not adequate. You need to do it on the forms, and you need to do it on the forms completely without attaching your addendums. And he didn't do that. Looking at A3, I'm looking at the June 5, 2002 order, which recounts the procedural history and where the court said it had been dismissed and then A3, the June 5, 2002, document received, marked filed, filing indicate document was filed, reopened for all purposes. What thereafter gave the district court the right in June of 05 to, I mean, was this sua sponte or did the court just decide in 05, you know, I really, I'm going to render a ruling that it was untimely? It looks to me that 02, the court accepted the documents and the case should move forward. What happened and how should we take cognizance of the 05 order, where did it come from? I would suggest that it is the district court attempting to comply with the spirit of the amendments to the rules, and that is to take a pleading, let it be docketed, and then deal with it. But it didn't just let it be docketed. As Judge Rendell has pointed out twice, the case is reopened for all purposes, and there's no indication in the record, is there, that there is at that point a problem with the petition. On the contrary, it appears that things are going to be viewed on the merits of that juncture. Can you point us to something in the record where the district court is saying, well, I'm just docketing this, but you've still got it fouled up and you've got to fix it? Plus, let me note that the June of 05. The district court does not indicate in that order anything to that effect, but I'm not certain that a failure of the district court to notify a defendant immediately that a matter is untimely should make something become timely. Well, the other point is the June 2005 order that says it was untimely references the procedural history and makes not one mention of the June 5, 2002 order, as if it didn't exist. It makes no mention of the reopening. I'm sorry, which order? The June 2005 order that says, sorry, untimely, does not reference at all the June 2005, the June 2002 order that reopened the case. The last thing it notes is the petitioner filed the present 2255 on May 17, 2002, and there's no reference to the order, as if the court didn't see or forgot that it reopened the case. It's weird. I'm not sure I have an explanation for that, except to respond as I did already, which is that simply the docketing of an untimely motion and the failure to immediately notify the defendant is untimely, the government would suggest cannot turn an untimely position timely. It can't turn it on its head and make the May petition a timely one. I don't believe there's any disagreement between the parties that, in fact, that May petition, which is the only one that was finally, on its third or fourth try, correctly filled out is untimely. It is, and I don't, and I suggest that the district courts, dealing with it in the manner it did, shouldn't turn it into a timely one. I think the focus has to be on the reasonableness of the district court's actions up until that moment in time, because you had only one timely petition by this defendant. Everything else that was filed subsequently was at the grace of the district court. We allowed a time after the initial pleading in June 2001 to file the defendant did. Six months passed, the court reopens. I don't think anybody's disagreeing with that, counsel. I think what you're hearing from us and what I'm still having a hard time understanding from your presentation is what is different between June 2002 and June 2005, where in June 2002 the petitioner is, in effect, told you're in, and then in June 2005 is, in effect, told, eh, no, you're not. So when you say the district court's action couldn't make it timely, are you telling us the court didn't have the discretion to accept that filing and enter the order it entered in June 2002? I am suggesting that by acknowledging that it received the matter so it could review it, it didn't make it timely and that it lacked jurisdiction to address it if it is untimely. The mere fact of docketing it and saying, okay, I'm going to look at this now and give it some thought. Now, granted, it took some time for that thought to occur clearly, and I don't have an explanation for that, except to say that you have to recall you're looking at a district court that has given this defendant chance upon chance upon chance and has just denied his petition is untimely. So your answer is, yeah, the district court did not have the discretion to enter the June 2002 order in a way that would? Confer jurisdiction. Is that it? Yes. And was it the government that raised the timeliness issue in its response to the motion? We did raise the timeliness issue in response to the motion. So that's what changed between June of 2002 and 2005? Yes. I was ordered to respond at some point. I'm not sure whether it was 2003 or 2004, but the docket will show that. And the government's response did focus on the failure of the petition to be timely and in such support without jurisdiction. So did they. My point here to this court, to the extent that we review the issue at hand, which is the reasonableness of the district court, this is not unreasonable to say, okay, let me look at it, let me docket it. And then in reviewing it, looking closely at it, it should be dismissed as untimely. That to me is further evidence of this district court having bent over backwards to give this defendant a fair hearing again and again and again. It's only when he finally follows the rules on the third or fourth try, but it's done in an untimely fashion. And the rules exist because there's a one-year deadline. I know these are pro se petitioners, but they are very simple rules to follow because of that, and the forms are very clear about that. If we find there was substantial compliance in the April filing that was made, does that mean the matter should be deemed timely? If this court found that it was substantial compliance, yes. It would be deemed timely. But in the government's view, this is not a case at all like the Moon. In fact, I would suggest it's the photo negative of that case. In fact, in that case, we had a judge who didn't respond. In this case, you have a judge who responded to every single letter and pleading this defendant said in a prompt fashion up until finally dismissing the matter at third try. You haven't complied. The reverse is true. In this case, you have a defendant who didn't pursue, who after he's told his first pleading, which was the only timely one, was not correct. He didn't even respond. And the judge dismissed it and then granted him a second opportunity. And he responded incorrectly. I think the focus should be the reasonableness of the court. And in this case, he is reasonable, and he shouldn't be reversed. And I see my time is up if there are enough further questions. Now, you believe that the court did error in some sense. But you're saying we don't need to reverse on that basis. We can just note that in part it was error. And it's perhaps because of the delay in writing that opinion, but the recounting of the history in his final memorandum is in part incorrect. And that is shown by his prior orders. So to that extent, yes, he is incorrect. I don't have an explanation for that. But that error doesn't provide relief in this case. Thank you. Thank you very much. Mr. Cox. Thank you, Your Honor. Briefly, the jurisdictional argument advanced by the government, I believe, is misplaced. Jurisdiction of the 2255 was established when the petitioner filed the first timely petition. Thereafter, the issue is whether he acted reasonably. My comprehension of the government's argument was that there was no jurisdiction to file the second and the third 2255s. But I submit to the court, to the question before this court, is whether the steps taken by the petitioner were reasonable in the second and third petition. Let me ask you the same question that I asked your probes and counsel. Did the district court have the discretion to enter the order it entered in June of 2002? I think my read is that the court had to accept the petition, had to docket it. Beyond that, I believe it did have the discretion under Rule 3 where the court has to afford the petitioner a reasonable amount of time to comply. This case presents more than just an example of a court stamping a petition filed, putting it in the docket, and someone not looking at the case for two years. Let me make sure I've got your order right. Judge Jordan, do you mean 2002, June 2002 order? Yes. June 2005 order? I meant June 2002. In other words, your argument, if I'm following you right, is once the court accepted, as it should have, the first filing, which was timely, everything after that point was something that, I mean, jurisdiction was established, and everything following that point was something that the district court had the power to do in its discretion. Am I following you or not? Yes, Your Honor. Rule 2 directs that the court has to accept the filings. Rule 3 directs that the petitioner has to be afforded a reasonable opportunity to comply. The district court's orders appear to be an attempt to give the petitioner that reasonable opportunity, particularly in the order, I believe the April, let me make sure I get my dates correct here. Did I answer Your Honor's question? Yes. The other issue on the point I wanted to raise to the court was that the district court did more than just stamp in the pleadings and administratively not attend to the case for several years. What happened here was the court stamped the pleadings in, issued an order, and afforded the petitioner a time to further amend. I think this court has to take into consideration what these orders say. In particular, the order issued in March 20, 2002, which directed the petitioner to file an amended petition within 30 days. That was the court attempting to afford the petitioner some type of reasonable opportunity to amend. The court in June 2025 apparently backtracked on that, that that was error. Rule 3, Rule 2 established some parameters for the conduct of the district court. Again, in my meetings with Mr. Mathis, one of his concerns was, I've been filing these petitions and now three years later I hear that none of them were ever timely. And I think he has a good point there. He did make efforts to file the petitions, albeit not with, we can argue with the expediency, but what it's meant to the court is that the steps were reasonable given this personal situation. He also was in SCI Elton, which is very renowned as having a slow mail delivery system among the Bureau of Prisons. Where's he at? SCI Elton. I have a couple clients out there and it's one of the slower facilities. It's not six months slow, but I think that should be one consideration also when courts limit the totality of facts. If this court does have any further questions, I'd rest on my previous argument. Thank you. I appreciate the court's time. Thank you. Thank you. We'll take the case under advisement.